**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

JHONNY TABORDA,
      Plaintiff,

v.

FREEDOM MORTGAGE CORPORATION,
      Defendant.

_____/



FILED BY _UCO_ D.C.

JUN 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT FOR VIOLATIONS OF THE FDCPA, FCCPA, AND FLORIDA STATUTE §701.04

Plaintiff, Jhonny Taborda, sues Defendant Freedom Mortgage Corporation ("Freedom"),

and alleges:

**NATURE OF THE ACTION**

1.  This is an individual action for violations of:

    a.  the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.;
    b.  the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 et seq.; and
    c.  Florida Statute §701.04, governing payoff/estoppel statements.

2.  Freedom issued two payoff statements to Plaintiff that:

    a.  failed to itemize charges as required by §701.04;
    b.  included vague, unexplained, and potentially unlawful fees;
    c.  misrepresented the character and amount of the debt; and
    d.  delayed Plaintiff's ability to sell or refinance the property.

3.  Plaintiff brings this action in his individual capacity only.

**PARTIES, JURISDICTION, AND VENUE**

4.  Plaintiff Jhonny Taborda is a natural person residing in Miami Dade County, Florida.

5. Plaintiff is a record title owner of the property located at 156 NE 24th Avenue, Homestead, FL 33033 ("the Property") pursuant to a Quitclaim Deed recorded July 12, 2025.

6. Defendant Freedom Mortgage Corporation is a New Jersey corporation authorized to conduct business in Florida and regularly servicing mortgage loans in this District.

7. Freedom is a "debt collector" under the FDCPA and a "person" under the FCCPA.

8. This Court has federal question jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction under 28 U.S.C. §1367.

9. Venue is proper because the events giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Ownership and Standing

10. Plaintiff acquired title to the Property on or about July 12, 2025, *via* Quitclaim Deed from Ashbry LLC. A copy of Plaintiff's Quitclaim Deed is attached hereto as Exhibit A.

11. Plaintiff personally requested and personally received the payoff statements at issue.

12. The payoff statements were addressed to Plaintiff, not to Ashbry LLC.

13. Plaintiff is therefore:

    a. a "consumer" under the FDCPA;
    b. a "debtor" under the FCCPA; and
    c. a "record title owner" entitled to payoff statements under §701.04.

### B. The Mortgage and Foreclosure

14. The Property is encumbered by a senior mortgage originally executed by prior owners. A copy of the senior mortgage is attached hereto as Exhibit B.

15. Freedom is the current servicer and holder of the mortgage.

16. A foreclosure judgment was entered in 2023, and Plaintiff sought payoff information to satisfy the judgment and clear title. A copy of the 2023 Final Judgment is attached hereto as Exhibit C.

C. Plaintiff's Payoff Requests and Freedom's Responses

17. On March 24, 2025, Plaintiff sent a written request for a payoff statement pursuant to §701.04. A copy of Plaintiff's March 24, 2025 payoff request is attached hereto as Exhibit D.

18. Freedom failed to respond within the statutory 10 day period.

19. On April 22, 2025, Freedom sent a payoff statement ("Payoff Statement") addressed directly to Plaintiff. A copy of Plaintiff's April 22, 2025 payoff statement is attached hereto as Exhibit H.

20. The April 22, 2025 payoff statement listed only a single lump sum payoff amount, stating it included "accrued interest and other associated fees," without itemization.

21. The statement did not include:

    a. itemized principal;
    b. itemized interest;
    c. itemized charges;
    d. per diem interest;
    e. descriptions of "other associated fees."

22. The April 22, 2025 payoff statement therefore violated §701.04(1)(b).

23. The vague, unexplained charges prevented Plaintiff from determining whether the amounts were legitimate, inflated, or unlawful.

24. Plaintiff suffered damages including:

    a. delayed sale/refinance;
    b. additional interest;
    c. carrying costs;
    d. postage and mailing expenses;

    e.  cloud on title.

## CAUSES OF ACTION

### COUNT I
### (VIOLATION OF THE FDCPA (15 U.S.C. §1692e, §1692f))

25. Plaintiff incorporates all prior allegations.

26. Freedom is a debt collector because it acquired servicing rights after the loan was in default.

27. The payoff statements were communications in connection with the collection of a debt because they:

    a.  conveyed the amount required to satisfy the debt;
    b.  demanded payment by a specific date;
    c.  were sent to induce payment.

28. Freedom violated the FDCPA by:

    a.  misrepresenting the amount and character of the debt (§1692e(2)(A));
    b.  attempting to collect fees not authorized by the mortgage or law (§1692f(1));
    c.  using vague, misleading categories such as "other associated fees."

29. A least sophisticated consumer would be misled by such a payoff statement.

30. Plaintiff suffered actual damages.

**WHEREFORE**, Plaintiff seeks statutory damages, actual damages, attorney's fees, and costs.

### COUNT II
### (VIOLATION OF THE FCCPA (Fla. Stat. §559.72(9)))

31. Plaintiff incorporates all prior allegations.

32. Freedom attempted to enforce a debt it knew was not legitimate by including:

    a.  unexplained fees;
    b.  charges not authorized by the mortgage;
    c.  charges prohibited by Fannie Mae guidelines.

33. Freedom asserted a legal right to collect such fees when it knew no such right existed.

34. Plaintiff suffered actual damages.

**WHEREFORE**, Plaintiff seeks statutory damages, actual damages, punitive damages, attorney's fees, and costs.

## COUNT III
### (VIOLATION OF FLORIDA STATUTE §701.04)

35. Plaintiff incorporates all prior allegations.

36. As a record title owner, Plaintiff is entitled to a compliant payoff statement.

37. Freedom violated §701.04 by failing to provide:

    a.   itemized principal;
    b.   itemized interest;
    c.   itemized charges;
    d.   per   diem interest.

38. Freedom's failure caused Plaintiff damages.

**WHEREFORE**, Plaintiff seeks statutory damages, actual damages, and attorney's fees.

**DEMAND FOR JURY TRIAL**

Plaintiff, JHONNY TABORDA, demands a trial by jury on all issues so triable.

Dated: June _17_, 2026

Respectfully submitted,

JHONNY TABORDA